# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*



**(ENDORSED)**   **SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JUN 19 2015

**DAVID H. YAMASAKI**
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

**A RODRIGUEZ**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Experian Information Solutions, Inc.; Equifax, Inc.; Capital One
Financial Corporation; Additional Parties on Attached Form

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sherry Skyrud

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Santa Clara County Superior Court | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*<br>191 North First Street, San Jose, CA 95113 | 115CV281912 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sagaria Law, P.C.; Elliot Gale, Esq. (SBN 263326); 2033 Gateway Pl., 6th Floor, SJ, CA; (408)279-2288

| DATE: June 19, 2015 | DAVID H. YAMASAKI | Clerk, by | A RODRIGUEZ | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | Chief Executive Officer, Clerk | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Equifax, Inc

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sherry Skyrud v. Experian Information Solutions, Inc., et al. | 115CV281912 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

First Savings Bank; General Electric Capital Retail Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank, National Association, HSBC Holdings plc; Merchants Credit Association

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1    SCOTT J. SAGARIA (BAR # 217981)
     ELLIOT W. GALE (BAR #263326)
2    JOSPEH B. ANGELO (BAR #268542)
     SCOTT M. JOHNSON (BAR #287182)
3    **SAGARIA LAW, P.C.**
     2033 Gateway Place, 5ᵗʰ Floor
4    San Jose, CA 95110
     408-279-2288 ph
5    408-279-2299 fax

6    Attorneys for Plaintiff

7

**ENDORSED**

2015 JUN 16  P 2: 02

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: **T. NGO**, Deputy Clerk

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF SANTA CLARA

10          LIMITED JURISDICTION > $25,000.00

11

12

13                    CASE NO.   **115CV281912**

14

15                    COMPLAINT FOR DAMAGES:

16    SHERRY SKYRUD,
                     1. Violation of Fair Credit Reporting Act;
17                      2. Violation of California Consumer Credit
             Plaintiff,             Reporting Agencies Act;
18                      3. Violation of California Unfair Business
                       Practices Act
19       v.                      4. Demand Exceeds $10,000.00

20    Experian Information Solutions, Inc.;
     Equifax, Inc.; Capital One Financial
21    Corporation; First Savings Bank; General
     Electric Capital Retail Bank; Merrick
22    Bank; Operating Engineers Federal Credit
     Union; Credit One Bank, National
23    Association; HSBC Holdings plc;
     Merchants Credit Association and DOES 1
24    through 100 inclusive,

25

26             Defendants.

27

28

COMES NOW Plaintiff SHERRY SKYRUD, an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

## JURISDICTION & VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. This Court has jurisdiction under California Civil Procedure Code  §410.10

4. This venue is proper pursuant to California Civil Procedure Code § 395.5

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 13 bankruptcy protection on November 11, 2014 in order to reorganize and repair Plaintiff's credit.

6. On April 13, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting.

7. Plaintiff noticed several tradelines all reporting misleading and or inaccurate balances or past due balances owed on the account and or listed the account as transferred and or charged off rather than included in Bankruptcy.

8. In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

9. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

10.  Defendants Capital One Financial Corporation; First Savings Bank; General Electric Capital Retail Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank, National Association; HSBC Holdings plc and Merchants Credit Association failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc. and Equifax, Inc. a *misleading* and or *inaccurate* balances or past due balances owed on the accounts, monthly payment, and or listed the accounts as open, transferred and or charged off rather than included in Bankruptcy.

11.  Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from Equifax, Inc. that failed to properly address the inaccuracies.

12.  Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from Experian Information Solutions, Inc. that failed to properly address the inaccuracies.

13.  On May 28, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

14.  Plaintiff's account was in dispute but the furnisher; Experian Information Solutions, Inc. and Equifax, Inc. failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

15.  The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

16.  The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

17.  The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

18.  The actions of the Defendant as alleged herein are acts in violation of the California Business and Professions Code § 17200.

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc. and Equifax, Inc.- Failure to Reinvestigate Disputed
Information.**

19. Plaintiff realleges and incorporates herein the allegation in each and every paragraph
above as though fully set forth herein.

20. After plaintiff disputed the accounts mentioned above, defendants Experian Information
Solutions, Inc. and Equifax, Inc. were required to conduct a reasonable investigation and
to delete any information that was not accurate. In doing so, defendants were required to
send all relevant information to the furnishers which they did not do based on the
reinvestigation report Plaintiff received.

21. In its reinvestigation report Experian Information Solutions, Inc. and Equifax, Inc. failed
to update the misleading and or inaccurate balances, past due balances, monthly payment,
and or listing the accounts as open, transferred and or charged off rather than included in
Bankruptcy.

**Capital One Financial Corporation; First Savings Bank; General Electric Capital Retail
Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank,
National Association; HSBC Holdings plc and Merchants Credit Association– Reporting
Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax,
Inc. and Failure to Reinvestigate.**

22. Plaintiff realleges and incorporates herein the allegation in each and every paragraph
above as though fully set forth herein.

23. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a
consumer to any consumer reporting agency if the person knows or has reasonable
cause to believe that the information is inaccurate or misleading and requires a
furnisher to update and or correct inaccurate information after being notified by a
consumer reporting agency of a dispute by a consumer.

24. Defendants Capital One Financial Corporation; First Savings Bank; General Electric Capital Retail Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank, National Association; HSBC Holdings plc and Merchants Credit Association violated section 1681s-2 by failing to conduct a reasonable investigation and re-reporting misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred, in collections and or charged off rather than discharged in Bankruptcy..

25. Defendants Experian Information Solutions, Inc. and Equifax, Inc. provided notice to the defendants that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

### SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Capital One Financial Corporation; First Savings Bank; General Electric Capital Retail Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank, National Association; HSBC Holdings plc and Merchants Credit Association– Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax, Inc.**

26. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

27. Defendants Capital One Financial Corporation; First Savings Bank; General Electric Capital Retail Bank; Merrick Bank; Operating Engineers Federal Credit Union; Credit One Bank, National Association; HSBC Holdings plc and Merchants Credit Association intentionally and knowingly reported misleading and or inaccurate

balances, past due balances, monthly payment, and or listing the accounts as open,

transferred and or charged off rather than included in Bankruptcy to Experian

Information Solutions, Inc. and Equifax, Inc. Plaintiff alleges that Creditors re-reported

misleading and or inaccurate balances, past due balances, monthly payment, and or

listed the accounts as open, transferred and or charged off rather than included in

Bankruptcy to Experian Information Solutions, Inc. and Equifax, Inc. in violation of

California Civil Code § 1785.25(a).

28. Plaintiff also alleges that Creditors had reason to know that the information reported

on Plaintiff's accounts were misleading and or inaccurate.

29. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit

reporting agencies, the consumer data industry resource guide, and results of its

investigation should have provided notice to Defendants of its misleading and or

inaccurate reporting.

30. Creditors failed to notify Experian Information Solutions, Inc. and Equifax, Inc. that

the information Defendants re-reported was inaccurate before the end of 30 business

days, in violation of California Civil Code § 1785.25(a).

31. Creditor's communications of false information, and repeated failures to investigate,

and correct their inaccurate information and erroneous reporting were done knowingly,

intentionally, and in reckless disregard for their duties and Plaintiff's rights.

32. As a direct and proximate result of Creditor's willful and untrue communications,

Plaintiff has suffered actual damages including but not limited to inability to properly

reorganize under Chapter 13, reviewing credit reports from all three consumer reporting

agencies, time reviewing reports with counsel, sending demand letters, diminished

credit score, and such further expenses in an amount to be determined at trial.

33. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditors at all times relevant to this Complaint were engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about November 11, 2014 and continuing to the present, Creditors committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. These unlawful business practices of the Creditors are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

63. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore unlawful business practices within the meaning of Business and Professions Code § 17200.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c. Award punitive damages in order to deter further unlawful conduct pursuant to

1       15 U.S.C. § 1681n; and California Civil Code § 1785.31

2         d.  Award $2,500 in civil penalties pursuant to California Business & Professions

3             Code § 17206;

4         e.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. §

5             1681n & o; California Civil Code § 1785.31;

6         f.  For determination by the Court that Creditor's policies and practices are

7             unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California

           Business and Professions Code § 17200, et seq.;

8         g.  For determination by the Court that Creditor's policies and practices are

9             unlawful and in negligent violation of 15 U.S.C. § 1681o;

10

11                                SAGARIA LAW, P.C.

12

13   Dated: June 15, 2015          By:

14                                Scott Sagaria, Esq.

15                              Elliot Gale, Esq.

                           Attorneys for Plaintiff

16

17                    **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands trial of this matter by jury.

18

19

20                            **SAGARIA LAW, P.C.**

21

22   Dated: June 15, 2015                /s/ Elliot Gale

                           Scott Sagaria, Esq.

23                              Elliot Gale, Esq.

24                              Attorneys for Plaintiff

25

26

27

28

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: _____

**115CV281912**

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

   ▪   State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
   ▪   Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:*  Mary Arand _____   *Department:*  __9__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
    *Date:*  **OCT 1 3 2015**    *Time:* 1:30pm   in Department: 9

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
    *Date:* _____   *Time:* _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784