SCOTT J. SAGARIA (SBN 217981)
ELLIOT W. GALE (SBN 263326)
JOE ANGELO (SBN 268542)
**SAGARIA LAW, P.C.**
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
408-279-2288 ph: 408-279-2299 fax

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SHERRY SKYRUD, | Case No.: 5:15-cv-04303-EJD |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANT CAPITAL ONE'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) AND 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; et. al., | Date:       May 5, 2016<br>Time:      9:00am<br>Room:    4, 5th Floor<br>Place:     San Jose Federal Court<br>               280 S. 1st Street<br>               San Jose, California 95113 |
| Defendants. | |

Sherry Skyrud (hereinafter "Plaintiff"), by and through her attorney's of record, Sagaria Law, P.C. hereby submits her opposition to Capital One's (hereinafter "Defendant") motion to dismiss Plaintiff's complaint under rule 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed a complaint against the above captioned defendants on June 19, 2015, in the Superior Court of California, Santa Clara division.  Defendant Equifax, Inc. filed a Notice of Removal on September 21, 2015.  In her complaint, Plaintiff alleged that the named defendants

violated both the Fair Credit Reporting Act (hereinafter "FCRA), the California Consumer Credit Reporting Agencies Act (hereinafter "CCCRA"), and for an Unfair Competition claim arising under California's Business and Professions Code section 17200 (hereinafter "UCL").

The substance of Plaintiff's claims arose due to a review of her credit report. Plaintiff noticed that the above defendants were not correctly updating the reporting on her credit report after the confirmation of her chapter 13 repayment plan. Plaintiff filed for chapter 13 bankruptcy protection on November 11, 2014. Her chapter 13 repayment plan was confirmed by the U.S. Bankruptcy Court for the Eastern District of California on January 26, 2015.

Defendant moves to dismiss Plaintiff's complaint on the grounds that it does not state a claim upon which relief can be granted under Federal Rule of Civil Procedure (hereinafter "FRCP") 12(b)(6), and that it does not meet the pleading standard of FRCP 8(a). Defendant's motion and analysis does not properly analyze the complaint. Defendant's motion should be denied, or alternatively, Plaintiff should be allowed to file an amended complaint.

## GENERAL BACKGROUND

Plaintiff filed for chapter 13 bankruptcy protection on November 11, 2014. Part of Plaintiff's chapter 13 involved the filing of a proposed payment plan for both her secured and unsecured creditors. Plaintiff's repayment plan was confirmed by the bankruptcy court on January 26, 2015. Plaintiff pulled a tri-merge credit report from Equifax on or about April 13, 2015. Plaintiff noticed several entries on her credit report that seemed inaccurate given the confirmation of his chapter 13 plan and the treatment of her debt under the terms of the confirmed plan.

Plaintiff sent dispute letters to the three credit bureaus, Experian, Equifax, and Trans Union, on or about April 20, 2015, requesting that the inaccuracies and misleading information be corrected. Plaintiff received a reinvestigation report indicating what attempts had been made to correct the perceived in accuracies. Plaintiff pulled a second tri-merge credit report and noticed that Defendant was still reporting late charges and the account status as in collection on her credit report. Plaintiff filed this instant lawsuit on June 19, 2015.

## ARGMENT

Defendant's motion to dismiss Plaintiff's Complaint should be denied for three reasons. First, the FCRA and CCCRAA prohibit credit furnishers from reporting inaccurate information. In this case, Plaintiff included a debt owed to Defendant in her bankruptcy petition and chapter

13 plan.  Plaintiff's plan was then confirmed.  Plaintiff is prevented from paying any debt outside the terms of her confirmed chapter 13 plan.  As a result of the reporting, Plaintiff submitted written notice to the credit reporting agencies ("CRA's") Equifax, Experian, and Transunion disputing the accuracy of the past due payments Defendant reported on the credit account included in the chapter 13 bankruptcy.  In response, Defendant continued to report that the account as in collections and past due despite the account being included in the chapter 13 bankruptcy and confirmed repayment plan.

Second, the complaint pleads sufficient facts to support the remaining elements of Plaintiff's FCRA and CCCRAA claims.  Lastly, Plaintiff has adequately alleged an unlawful business practice under California Business & Professions Code § 17200 ("UCL") which is not pre-empted by the Bankruptcy Code or the FCRA.  Plaintiff, therefore, respectfully requests that this Court deny Defendant's motion in its entirety. If the court dismisses the complaint, the court must then decide whether to grant to leave to amend.  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should be granted "unless the court determines that the pleading could not possibly be cured by an amendment."  *Id*. at 1127

### A.  Plaintiff Satisfies the Standard Under F.R.C.P 8(a)

Under F.R.C.P. 8(a) a complaint must present "a short and plain statement of the claim" demonstrating that plaintiff is entitled to relief. Fed.R.Civ.P. 8(a)(2).  If the complaint does not meet this standard, the defendant may move to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).  *Borreani v. Kaiser Foundation Hospitals*, 875 F. Supp. 2d 1050, 1054 (N.D. CA 2012).

There is an "underlying requirement…that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'"  *In re Sagent Tech, Inc.,* 278 F. Supp. 2d 1079, 1094 (N.D. Cal 2003) (citing *Conley 355 U.S. at 47-48)*.

Defendant relies on *Marin v. Eidgahy*, 2011 WL 2446384 *4 (S.D. Cal. June 17, 2011) to support its position that Plaintiff's complaint fails to specifically differentiate between which of the named defendants in this case engaged in the unlawful behavior ignores a plain reading of the complaint.  Plaintiff's complaint contains three cause of action and each cause of action applies to all defendants that are named in the caption.  Beyond that indication, the relevant paragraphs of the complaint specifically name each defendant when the allegations in the paragraph apply to that particular defendant. For example, Page 4 Line 1 of Plaintiff's Complaint indicates that the

first cause of action is one under the FCRA.  Plaintiff then specifies that paragraphs 19 -20 on page 4 apply only to Equifax and Experian.  Plaintiff then goes on to subsequently indicate that Defendant specifically violated a section of the FCRA (see page 4 paragraph 21 – page 5, paragraph 24 of Plaintiff's Complaint).  Defendant is again distinguished when Plaintiff addresses the second cause of action related to the CCCRA.  For example, Plaintiff indicates in bold which defendants paragraphs 17 – 24 apply to (see Page 5 line 12 – Page 6 line 20).  Further, Plaintiff again specifically names Defendant with respect to which provisions of the CCCRA were violated and what behavior and action Defendant took in order to warrant it being named in the Complaint.

Unlike the concern the court addressed in *Marin v. Eidgahy,* the Complaint in the instant case indicates which paragraphs apply to Defendant and which apply to the various other named defendants.  Defendant is put on notice as to which of the claims apply and which ones are directed towards other defendants.

### B. Plaintiff Meets the Standard Under F.R.C.P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) the court must dismiss a complaint if it fails to state a claim upon which relief may be granted.  A complaint must give faire notice of the claim being asserted and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In addition to providing fair notice, the plaintiff must allege "enough facts to state a claim to relief." Id. At 570.  Allegations amounting to a mere possibility the defendant has acted unlawfully fall short of the pleading standards required by Rule 12(b)(6).  *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009).  Nor are "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" sufficient to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.  Finally, the allegations must be plausible: the plaintiff must allege facts that "raise a right to relief above the speculative level." Id.

Although the court, in deciding whether the plaintiff has stated a claim, must take the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor, the court is not required to accept "merely conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences" as true.  *St. Claire v. Gilead Sciences, Inc.*, 536 F. 3d 1049, 1055 (9th Cir. 2008); *see also Iqbal*, 129 S. Ct. at 1949-5

//

   i. <u>Plaintiff First Cause of Action Sufficiently States a Claim for a Violation of the Fair Credit Reporting Act Based on Defendant's Unreasonable Investigation and Continued Inaccurate Reporting to Experian, Equifax, and TransUnion</u>

  Congress enacted the FCRA in 1970 to "ensure fair and accurate credit reporting to the maximum extent possible to protect the creditworthiness and reputation of every consumer . . . ." *See* 15 U.S.C. § 1681(b).   To guarantee that credit reports are accurate, the FCRA imposes certain duties on the sources that provide credit information to CRA's, called "furnishers" in the statute.[1]  *Gorman v. Wolpoff & Abramson LLP.*, 584 F.3d 1147, 1153 (9th Cir. 2009).

  A furnisher must refrain from reporting information that is knows or has reasonable cause to believe is inaccurate.  15 U.S.C. § 1681s-2(a)(1).  Moreover, when a furnisher receives notice of a consumer dispute from a CRA concerning the accuracy of any credit item, the furnisher must reasonably investigate the dispute and, if necessary, correct any past misreporting. 15 U.S.C. § 1681s-2(b)(1)(A)-(E).   Although § 1681s-2(a) is not privately enforceable[2], a furnisher's failure to comply with its statutory duties under § 1681s-2(b) renders it liable to the consumer for damages.  *Drew v. Equifax Info. Servs., LLC.*, 690 F.3d 1110, 1119 (9th Cir. 2012).

   a. <u>The FCRA Prohibits Reporting Overdue Payments on an Account Included in a Bankruptcy Petition</u>

  The FCRA's prohibition against inaccurate reporting extends to information that is technically inaccurate or "materially misleading."  *Gorman*, 584 F.3d at 1163.  Information is technically inaccurate if the inaccuracy appears "on its face."   *Drew*, 690 F.3d at 1108. Likewise, information is materially misleading if "it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 ("Reports . . . that mislead their readers are neither maximally accurate nor fair to the consumer.").   As described in greater detail below, the FCRA's prohibition extends to the reporting of derogatory credit information on an account discharged in bankruptcy.

//

//

---

[1] Consumer reporting agencies include Experian Information Solutions, Inc. Trans Union, LLC., and Equifax Information Services, LLC. *Mouton v. AmeriCredit Fin. Servs*., NO. C 04-02485 JW, 2005 U.S. Dist. LEXIS 32185, at *3 fn. 3 (N.D. Cal. June 28, 2005).
[2] Defendant argues that it is unclear whether Plaintiff is acting under Section 1681s-2(a) or 1681s-2(b).  Plaintiff's Complaint asserts its cause of action under 1682s-2(b) and agrees with Defendant that there is no private cause of action afforded under Section 1681s-2(a).

i.   The Information is Inaccurate Because it Suggests
Plaintiff's Prepetition Credit Card Debt Involved a Child
Support Obligation

When a debtor files a Chapter 13 bankruptcy petition, an automatic stay instantly arises and prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case."  11 U.S.C. § 362(a)(6).  The legislative history indicates that the stay is one of the fundamental debtor protections and is designed to give the debtor an immediate breathing spell from his creditors.  S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5840.  In light of this purpose, the scope of the stay is extremely broad and extends to any formal or informal act against the debtor.[3]  *Goichman v. Bloom* (*In re Bloom*), 875 F.2d 224, 226 (9th Cir. 1989).  Prohibited acts are not limited to active collection attempts such as dunning phone calls and letters but include reporting derogatory credit information.  *Bell v. Clinic Labs. of Hawaii,* (*In re Bell*), No. NC-07-1324-JuMkK, 2008 Bankr. LEXIS 4730, at *2 (9th Cir. B.A.P. 2008).  Indeed the only negative reporting permissible during a bankruptcy is "the reporting of *overdue support owed by a parent.*" 11 U.S.C. § 362(b)(2)(e) [emphasis added].[4]

*Bell v. Clinic Labs. of Hawaii,* is particularly illustrative on this point.  In *Bell*, debtor filed a voluntary petition and included an unsecured debt owed to CLH in his schedules.  (*In re Bell*), No. NC-07-1324-JuMkK, 2008 Bankr. LEXIS 4730, at *2.  After receiving notice of debtor's bankruptcy petition, CLH permitted a collection agency to report negative information about the account to major credit reporting agencies.  *Id*.  The bankruptcy court found CLH's actions violated the automatic stay.  *Id*. at 3.  On appeal, the Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court's decision.  *Id*. at 7.  In so doing, the *Bell* court held, "CLH violated the automatic stay . . . by [permitting collection agency] to report negative information to major credit reporting agencies."  *Id*.; *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. N.D. Ohio 1992); *In re Goodfellow*, 298 B.R. 358, 362 (Bankr. N.D. Iowa 2003); *Wynne v. Aurora Loan Services*, *LLC.*, (*In re Wynne*), 422 B.R. 763, 767-768 (Bankr. M.D. Fla. 2010).

Similarly here, after Plaintiff filed for bankruptcy, Defendant reported overdue payments to the reporting agencies in violation of the letter and spirit of Section 362.   Importantly, the

---

[3] The stay however, is subject to a limited set of exemptions under section 362(b).
[4] This of course is because support obligations are not dischargeable in bankruptcy.  3-362, Collier on Bankruptcy, (16th ed. 2012) Automatic Stay, § 362, pg. 362.05).

information is factually inaccurate under the FCRA because it suggests Plaintiff's prepetition debt involved a child support obligation.

Lastly, even if Section 362 does not bar Defendant's actions, the information is still inaccurate.  Indeed, reporting a debt indicates that the account is in active status and subject to collection.  *Moscona v. Cal. Bus. Bureau, Inc.*, NO. 10-CV-1468 BEN (CAB), 2011 U.S. Dist. LEXIS 123177, at * 9-10 (S.D. Cal. Oct. 24, 2011).  Here, however, the automatic stay prohibited Defendant from collecting on the prepetition debt.  11 U.S.C. § 362(a)(6).  Thus, the information inaccurately suggests that Defendant could collect on the prepetition debt at a time when Defendant was prohibited from doing so.

Section 1681s-2(a)(3) of the FCRA, states a "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."  While this provision is not privately enforceable, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a separate cognizable FCRA claim under § 1681s–2(b). *Gorman*, 584 F.3d at 1154, 1161.

*Wang v. Asset Acceptance LLC* is instructive.  In *Wang*, Plaintiff alleged that Defendant violated § 1681s-2(b) by re-reporting overdue payments to CRA's while also failing to report that Plaintiff disputed the account information.  No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, at *15 (N.D. Cal. July 27, 2010).  The *Wang* court held that Plaintiff's allegation plausibly stated a separate FCRA claim.  *Id*. at *15.

Similarly here, Plaintiff alleges Defendant re-reported the account in collection to the reporting agencies.  As in *Wang*, Defendant's subsequent failure to comply with its duty under § 1681s-2(a)(3) is actionable.  In response, Defendant claims that this allegation is insufficiently plead because the overdue payments were accurate in the first place.

    ii.    <u>Plaintiff's Second Cause of Action Adequately States a Claim for a Violation of California Consumer Credit Reporting Agencies Act § 1785.25(a)</u>

The CCCRA prohibits furnishers from reporting incomplete or inaccurate information to a credit reporting agency if the party knows or has reason to know that the information is inaccurate.  Cal. Civ. Code § 1785.25(a).  In a marked departure from the FCRA, private parties

may enforce violations of § 1785.25(a). Cal. Civ. Code §1785.31; *Gorman*, 584 F.3d at 1171. To succeed, Plaintiff need only allege that Defendant furnished inaccurate information with either knowledge of the inaccuracy or at least reason to know that the information was inaccurate. *Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal. July 17, 2012).

A similar situation was ruled upon in *Venugopal v. Digital Federal Credit Union*, 12-CV-06067, (N.D.C.A. 2013). In that case, District Judge Davila found that reporting balances owed after a bankruptcy filing could be misleading, and therefore, a cause of action was available under the CCCRA

    iii.   <u>Plaintiff's Third Cause of Action Adequately States a Claim for Violation of California Business & Professions Code § 17200</u>

California Business & Professions Code § 17200 prohibits any unlawful business practice. "An unlawful business practice is ' "an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law*.' " *Progressive West Ins. Co. v. Superior Court,* (2005) 135 Cal. App. 4th 263, 287 [37 Cal. Rptr. 3d 434, 458]. " 'Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200.' " *Ticconi v. Blue Shield of California Life & Health Ins. Co*., (2008) 160 Cal. App. 4th 528, 539 [72 Cal. Rptr. 3d 888, 889]. Once an underlying predicate offense is established, Plaintiff need only allege injury in fact and loss of income as a result of the unlawful activity. *Id*.

    iv.   Plaintiff has Standing to Bring a UCL Claim

*King v. Bank of America, N.A.*, is illustrative on this point. In *King*, Plaintiff alleged that Defendant's continued inaccurate reporting of overdue payments on Plaintiff's discharged credit account constituted an unlawful business practice. No. C-12-04168 JCS, 2012 U.S. Dist. LEXIS 141963, at *23 (N.D. Cal. October 1, 2012). In denying Defendant's motion to dismiss, the *King* court held that Plaintiff's allegation plausibly stated a claim under the UCL. *Id*. at 24; *Montgomery*, NO.C 12-3895 THE, 2012 U.S. Dist. LEXIS 162912, at *14.

Similar to *King* and *Montgomery*, Plaintiff's UCL claim is adequately alleged for two reasons. First, as explained above, Plaintiff's complaint pleads facts sufficient to support a predicate CCCRAA claim. Second, Plaintiff alleges that Defendant's continued inaccurate

reporting impeded Plaintiff's ability to obtain credit.[5]   *King,* No. C-12-04168 JCS, 2012 U.S. Dist. LEXIS 141963, at *24 ("continued impairment to [plaintiff's] credit score which prevented Plaintiff from obtaining credit" is a sufficient economic injury under the UCL.").   Plaintiff not only has alleged an actual injury as a result of Defendant's unlawful activity but also requests injunctive relief.   Accordingly, Plaintiff has plausibly stated a claim under the UCL.

a.   Plaintiff's UCL Claim is not Preempted by the FCRA

In *Gorman*, the Ninth Circuit clarified the preemptive scope of § 1681t(b)(1)(1)(F) of the FCRA. The *Gorman* Court held that the FCRA preempts state statutes that impose additional legal duties or rules of law that must be obeyed. *Gorman*, 584 F.3d at 1164. On the other hand, the FCRA does not preempt state statutes that only serve as a procedural vehicle to remedy substantive law violations. *Id.*

Whether the FCRA preempts a UCL claim based solely on a violation of § 1785.25(a) has already been decided by several district courts within this circuit and cuts directly in Plaintiff's favor.   *El-Aheidab v. Citibank, N.A.*, is particularly relevant here. In *El Aheidab*, Judge Chen specifically observed, "to the extent Plaintiff bases his § 17200 claim solely on violations of § 1785.25(a), such a claim is not preempted by the FCRA." No. C–11–5359 EMC, 2012 U.S. Dist. LEXIS 19038, at * 6 (N.D. Cal. February 15, 2012); *Montgomery*, Case No. C-12-2453 SC, 2012 U.S. Dist. LEXIS 120704, at *13-14. Similarly here, Plaintiff's UCL claim is based solely on Defendant's violation of § 1785.25(a) and as such is not preempted by the FCRA.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this court deny Defendant's motion to dismiss under F.R.C.P. 8(a) and 12(b)(6) on the grounds that the complaint is specific as to which allegations and causes of action apply to Defendant and because the complaint states claims upon which relief can be granted.   Alternatively, if the court grants Defendant's motion to dismiss, Plaintiff requests that the dismissal be without prejudice and that Plaintiff is allowed leave to file an amended complaint.

Dated:   December 2, 2015

**Sagaria Law, P.C.**

*/s/ Elliot Gale*
Elliot Gale
Attorneys for Plaintiff